# UNITED STATES BANKRUPTCY COURT
### Eighth District of Minnesota

---

In Re:

    Jacob Arliss Lavan,
        Debtor.

Case No. 24-40159-KAC
Chapter 7

Last Four Digits of SSN: 0390
Address:  5100 Wayzata Blvd.
          Minneapolis, MN 55416

---

Regents of the University of Minnesota

        Plaintiff,

vs.

Jacob Arliss Lavan

        Defendant.

Case No. 24-04054
Adversary Proceeding

**AMENDED ADVERSARY COMPLAINT**

---

As for its Amended Adversary Complaint, Plaintiff, Regents of the University of Minnesota (hereinafter "plaintiff" or "University") states and alleges as follows:

### JURISDICTION

1. The University brings this amended adversary complaint in the above-captioned case number 24-40159-KAC, which was filed on January 22, 2024, under Title 11, Chapter 7, United States Code.  This Court therefore has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns debts and property of the Defendant and the bankruptcy estate, pursuant to 28 U.S.C. 1334.  This is a core proceeding under 11 U.S.C. 157(b)(2)(J) and venue is proper under 28 U.S.C. 1409(a).

### INTRODUCTION

2. This Amended Complaint objects to the discharge of a debt Defendant owes to the University to remedy a willful and malicious injury, pursuant to 11 U.S.C. 523(a)(6), committed by Defendant against the University, on or around

November 21, 2022. Plaintiff respectfully requests that this Court not discharge the debt of $9,421.99 that Defendant owes the University, and that the University has been attempting to collect since December, 2022.

## FACTS

3. On October 24, 2022, the University received a tuition check from a student and inadvertently, via a keyboard typo, posted the payment incorrectly into Defendant's account. Within the University accounts receivable database system, this typo automatically generated a refund check to Defendant. A check was issued and mailed to Defendant as reimbursement for overpaid tuition fees, which was a mistake. Defendant, in fact, had not overpaid tuition from a previous semester and Defendant was not entitled to any refund from the University.

4. The University discovered this mistake on December 6, 2022 and corrected it in the system shortly after it was discovered. Unfortunately, by the time the University discovered the error, the Defendant had already cashed the check.

5. Defendant, without ever contacting the University about a $9,261.99 check he received, cashed the check on November 21, 2022. Defendant cashed this check despite knowing that he was not entitled to this payment from the University.

6. Defendant was not an enrolled student at the University in October 2022; he had already graduated in Spring 2022 and had no balance on his account with the University. His tuition account had already been paid in full for several months.

7. The University began attempting to contact Defendant to seek reimbursement for the check the Defendant cashed. After repeated unsuccessful attempts to contact the Defendant, the University sent Defendant an Invoice in January 2023 in an attempt to collect the amount of the mistakenly applied funds.

8. On February 13, 2023, Defendant sent a letter to Plaintiff conceding that he cashed the check sent to him in the autumn of 2022. Defendant also acknowledged his receipt of the January 2023 invoice for repayment of those funds. Defendant, however, did not refund any of the money he owed to the University.

9. The University made several attempts to contact Defendant between February 21 and 24, 2023 with no success, in addition to many later attempts between May and November 2023. The University eventually turned the debt collection tasks over to a third-party collection agency as is typical with unpaid fees when the University has first attempted to make extensive collection efforts of the debt. That agency took its usual and customary steps to collect the debt from Defendant.

10. The University sent the Defendant detailed account data via FedEx following his request for this information. Additionally, the University continued with its efforts to contact Defendant for the return of the mistakenly applied funds.

11. Defendant has taken no legal action against Plaintiff to date, other than to file bankruptcy on January 22, 2024, case number 24-40159-KAC, seeking discharge of this and other debts.

12. To date, Defendant has not repaid any amount that he owes to the University.

### Count I - Non-dischargeable debt

13. The University incorporates by reference the allegations in paragraphs 1-12 as if fully set forth herein.

14. Defendant's actions constitute willful and malicious injury to the University.

15. Defendant's debt to the University is not dischargeable pursuant to Section 523(a)(6).

**WHEREFORE, Plaintiff prays for relief that the Court:**

1. Grant the University's prayer for relief and not discharge the debt owed by Defendant to the University;

2. Order Defendant to repay the debt he owes to the University as it relates to this bankruptcy case;

3. In the Court's discretion, Order all such other relief that the Court deems equitable and just in accordance with the law.

[*Signature Page Follows*]

Dated: May 6, 2024

Respectfully submitted,

DOUGLAS R. PETERSON
General Counsel
University of Minnesota


By s/ Timothy J. Pramas
Timothy J. Pramas (# 240321)
Senior Associate General Counsel
360 McNamara Alumni Center
200 Oak Street S.E.
Minneapolis, MN 55455
(612) 624-4100
pram0001@umn.edu

ATTORNEYS FOR PLAINTIFF